```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**RONALD A. PEGUESE, #197617,**

                  **Petitioner,**

**v.**                                                                    **2:05CV196**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

                  **Respondent.**

## **FINAL ORDER**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The petition alleges violation of federal rights pertaining to petitioner's convictions on March 26, 2002, in the Circuit Court of Henrico County, Virginia, for one count of conspiracy to commit grand larceny, six counts of obtaining money or goods by false pretenses, and seven counts of forgery, as a result of which he was sentenced to serve nine years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on October 4, 2005. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on October 14, 2005, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 4, 2005. It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis of petitioner's procedural defaults in the state system and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's conclusions regarding Claims 1(a), the objections are without merit. The claim addresses the failure of counsel to pursue particular evidence, yet the record reflects that counsel was thoroughly prepared and aware of all of the evidence in the case. Of particular concern, is a document tied to petitioner which was a detailed statement regarding how check counterfeiting and cashing operations worked, the calculation of costs, and who petitioner dealt with. Defense counsel assured the court that he was familiar with the document and was prepared to go to trial. Petitioner presents no specific evidence to the contrary.

To the extent that petitioner objects to the Magistrate Judge's conclusion regarding Claims 1(b) through 1(f), are likewise without merit. The claims have elements of ineffectiveness and elements of a challenge to the sufficiency of the evidence, but neither succeeds. Decisions such as whether to move to strike the evidence as to the conspiracy because the evidence purportedly did not prove petitioner's guilt as the "top person," or not arguing the absence of forensic evidence, are all judgments almost exclusively within the purview of the defense counsel, save and except situations in which specific facts to

which petitioner can point and establish in the record, dictate a contrary conclusion. Petitioner throws broad accusations at his defense counsel, while ignoring the work that counsel did in his behalf. Petitioner also ignores the quality of the evidence against him. Claims 1(e) and (f) address the argument of counsel regarding the testimony of a particular witness. How defense counsel chose to deal with the witness clearly lies within his judgment. No attorney, in the absence of clear evidence to the contrary, can be held ineffective for failing to suggest that the Commonwealth has knowingly used perjured testimony in the presentation of its case. Petitioner's accusations provide little support for his claim.

To the extent that petitioner objects to the Magistrate Judge's conclusion regarding the sufficiency of the evidence (Claim 3), the objection is without merit. When viewed in the light most favorable to the prosecution, the evidence is clearly sufficient to support petitioner's conviction. The Virginia Court of Appeals correctly found that "the evidence was sufficient to prove beyond a reasonable doubt that [petitioner] committed the charged offenses." In its finding, the court honored the standard set in <u>Wainwright v. West</u>, 505 U.S. 277, 279 (1992).

To the extent that petitioner objects to the Magistrate Judge's conclusion regarding Claim 2, the objections are without merit. Petitioner claims that the Commonwealth deliberately used perjured testimony in order to make its case against petitioner. The Court can think of few matters which would cause more concern to a defense attorney than the prospect of perjured testimony. If that prospect existed, or if counsel had any inkling that such an event was taking place, defense counsel could have raised the issue before, during, or after trial and

before sentencing. Petitioner's allegations do not rise to the level of facts upon which the Court may be expected to make a decision. The claim was found procedurally barred in the state habeas petition because it had not been raised at trial. Therefore, that ruling precludes federal review of this matter.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

                                                _____/s/_____
                                                    **WALTER D. KELLEY, JR.**
                                               **UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**
**October 28, 2005**